# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

        Plaintiff,

v.

SUNNY FARMS LANDFILL, LLC,

        Defendant.

_____/

CASE NO.
Hon.

COMPLAINT AND JURY
TRIAL DEMAND

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race and retaliation and to provide appropriate relief to Willie Norwood and Toby Shepherd who were adversely affected by such practices. The Commission alleges that Defendant, Sunny Farms Landfill, LLC, subjected Norwood and Shepherd to unlawful race discrimination and retaliation by subjecting them to a racially hostile work environment and retaliating against them after they complained about the racially hostile work environment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the

jurisdiction of the United States District Court for the Northern District of Ohio, Western Division.

## PARTIES

3.     Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4.     At all relevant times, Defendant, Sunny Farms Landfill. LLC (the "Employer"), has been an Ohio limited liability company doing business in the State of Ohio, City of Fostoria, and has continuously had at least 15 employees.

5.     At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## STATEMENT OF CLAIMS

6.      More than thirty days prior to the institution of this lawsuit, Willie Norwood and Toby Shepherd filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.     Since at least November 2007, Defendant Employer has engaged in unlawful employment practices at its Fostoria, Ohio location in violation of Sections 703(a) and 704(a) of Title VII, 42 U.S.C. §§ 2000e-2(a) and 2000e-3(a). The Defendant Employer's unlawful employment practices include, but are not limited to, repeatedly subjecting Norwood and Shepherd to a racially hostile work environment and retaliating against Norwood and Shepherd after they complained about the racially hostile work environment.

8. The effect of the practices complained of in paragraph 7, above, has been to deprive Norwood and Shepherd of equal employment opportunities and otherwise adversely affect their status as employees because of their race and retaliation.

9. The unlawful employment practices complained of in paragraph 7, above, were intentional.

10. The unlawful employment practices complained of in paragraph 7, above, were done with malice or with reckless indifference to the federally protected rights of Norwood and Shepherd.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in discrimination against employees on the basis of race and from retaliating against employees for opposing unlawful discrimination.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for African American employees, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Norwood and Shepherd by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant Employer to make whole Norwood and Shepherd by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, in amounts to be proven at trial.

E.  Order Defendant Employer to make whole Norwood and Shepherd by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 7, above, in amounts to be proven at trial.

F.  Order Defendant Employer to pay Norwood and Shepherd punitive damages for its malicious or reckless conduct described in paragraph 7, above, in amounts to be proven at trial.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

DEBORAH M. BARNO (P44525)
Supervisory Trial Attorney

NEDRA CAMPBELL (P58768)
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

DETROIT FIELD OFFICE
Patrick V. McNamara Building
477 Michigan Avenue, Room 865
Detroit, Michigan 48226
Telephone: (313)226-4620
e-mail: nedra.campbell@eeoc.gov

DATED: September 29, 2009

4